## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH
## CIVIL ACTION NO. 5:07CV-P180-R

**HERBERT R. SMITH**                                                              **PLAINTIFF**

**v.**

**JOHN D. REES** *et al.*                                                         **DEFENDANTS**

### MEMORANDUM & ORDER

This matter is before the Court on several motions filed by the plaintiff.  The motions will be considered below.

(1)  **Motions for production of documents (DN 5) and motion for physical and mental examinations (DN 6)**.  Because the plaintiff is a prisoner seeking redress from governmental officers and employees, the Court must review the complaint under 28 U.S.C. § 1915A[1] prior to service on the defendants and prior to discovery.  The requests for production and examinations are part of the discovery process and are therefore premature at this early stage in the litigation.  **IT IS THEREFORE ORDERED** that the motions for production and examinations (DNs 5 & 6) are **DENIED**.  The Court advises the *pro se* plaintiff that should the case proceed to the discovery phase, the plaintiff is not to involve the Court in discovery matters until after requesting the information directly from the defendants (by way of interrogatories and requests for production of documents, for example); waiting for the response time to expire; and, if dissatisfied with the response or if receiving no response, meeting and conferring with defense counsel as required by Fed. R. Civ. P. 37 and LR 37.1.  Only then shall the parties involve the Court by filing a motion to compel under Fed. R. Civ. P. 37.

---

[1]On review under § 1915A(b), the Court shall identify cognizable claims and dismiss any portion of the complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or [] seeks monetary relief from a defendant who is immune from such relief."

(2)  **Motion for polygraph examination (DN 4)**.  The plaintiff additionally asks the Court to allow him to undergo polygraph testing as a means to prove his truthfulness.  Upon consideration, **IT IS ORDERED** that the request (DN 4) is **DENIED**.  The use of polygraph testing is not necessary under the Federal Rules of Civil Procedure, as the Rules provide for other methods of providing truthful information.  For instance, answers to interrogatories are to be made under oath, *see* Fed. R. Civ. P. 33, and depositions are to be taken under oath or by affirmation, *see* Fed. R. Civ. P. 30.  An individual may also submit an affidavit to the Court, which is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public."  BLACK'S LAW DICTIONARY (8th ed. 2004).  Should a notary not be available, an individual may declare, certify, verify, or state, in writing, and "under penalty of perjury" that the information contained therein is true and correct and sign and date the declaration by his own hand.  28 U.S.C. § 1746.  The Court advises, however, that **evidence (including responses to interrogatories and requests for production, affidavits, medical records, etc.) is NOT to be submitted to the Court** until it is used in support of or in response to a dispositive motion (such as a motion for summary judgment pursuant to Fed. R. Civ. P. 56), or unless it is requested by the Court.

(3)  **Motion requesting expeditious process, ruling, and order on imminent death issue (DN 7)**.  The plaintiff reports that he recently had a stent placed in his heart, was advised by the hospital physician to quit smoking or it would kill him, and was prescribed medication by the hospital physician which stopped his cigarette cravings while in the hospital.  He claims that upon his return to the Kentucky State Penitentiary, the defendants refused the prescribed treatment to stop his addictive smoking habit.  He, thus, seeks an order directing the defendants

to provide him with treatment, without cost, to help him quit smoking.  On review, the Court **CONSTRUES the plaintiff's motion as a motion for preliminary injunctive relief and DIRECTS the Justice & Public Safety Cabinet Office of Legal Counsel to respond to the plaintiff's motion for preliminary injunctive relief within 20 days of entry of this Order.** The plaintiff may file a reply within **15 days** of receipt of the Justice & Public Safety Cabinet Office of Legal Counsel's response.  The **Clerk of Court is directed to serve** a copy of the motion (DN 7) on the Justice & Public Safety Cabinet Office of Legal Counsel.

Date:

cc:     Plaintiff, *pro se*
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005