UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**HERBERT R. SMITH**                                                                                               **PLAINTIFF**

**v.**                                                                              **CIVIL ACTION NO. 5:07CV-P180-R**

**JOHN D. REES** *et al.*                                                                                          **DEFENDANTS**

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's "Motion Requesting Expeditious Process, Ruling and Order on Imminent Death Issue" (DN 7). Defendants filed a response (DN 11), and Plaintiff filed a reply (DN 15). This matter is ripe for consideration. For the reasons that follow, the motion will be denied.

### I.

"[A] preliminary injunction is an injunction that is issued to protect [a] plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits." 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE, Civil 2d § 2947 (2008). In deciding whether such relief is appropriate, the Court must consider four factors: "(1) the likelihood of plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction." *In re DeLorean Motor Co.,* 755 F.2d 1223, 1228 (6th Cir. 1985). The four criteria are meant to guide the court's discretion and to serve as factors to be balanced, rather than rigid requirements to be met in every case. *Golden v. Kelsey-Hayes Co.,* 73 F.3d 648, 653 (6th Cir. 1996). The district court is required by Rule 52 of the Federal Rules of Civil Procedure to make findings concerning all four of these factors unless fewer factors dispose of the issue. *United States v. Sch. Dist. of Ferndale, Mich.,* 577 F.2d 1339, 1352 (6th Cir. 1978).

## II.

Plaintiff reports that a stent was placed in his heart in March 2007 and that the hospital physician advised him, among other recommendations, to quit smoking or it would kill him. Plaintiff reports that the hospital physician prescribed him medication which stopped his cigarette cravings while in the hospital but that upon his return to the Kentucky State Penitentiary, he began smoking again when Defendants refused the prescribed treatment. He, thus, seeks an order directing Defendants to provide him with treatment, without cost, to assist him in quitting smoking. Plaintiff advises, however, that he does not want to be transferred to a non-smoking facility because his classification status would require him to be confined in punitive segregation.

Counsel for the Justice & Public Safety Cabinet filed a response arguing that Plaintiff has not established an immediate and irreparable injury, loss, or damage, since he has not shown anything more than a conclusory statement and has failed to rebut Kentucky Department of Corrections Medical Director Dr. Scott Haas's sworn medical statement. Dr. Haas reports that medical records, as well as Plaintiff's own admission in his complaint, indicate that Plaintiff "has frustrated his own medical well-being by failing to adhere to proscribed medical advice and by his continual refusal of treatment." Dr. Haas further states:

> 5. That smoking cessation medication is not necessary to sustain life or even to stop smoking; it is not a medical necessity for Plaintiff to obtain medication in order to stop smoking, nor is smoking a serious medical or mental health condition. Smoking is a lifestyle choice and behavior, but not a disease requiring treatment.
> 6. That Plaintiff has access to smoking cessation in the commissary, which the DOC has made available for purchase should he choose to utilize them in his efforts toward smoking cessation.

Defendants further argue that Plaintiff cannot show a likelihood of success on the merits as he has shown only a medical disagreement in his treatment which fails to state an Eighth Amendment violation.

Plaintiff filed a reply, which is more in the nature of a restatement of his complaint, and as relief in his reply, he requests compensatory damages, punitive damages, and "the rest of the relief he requested in his complaint."

Upon consideration, the Court will deny Plaintiff's motion for preliminary injunctive relief. The complaint has yet to go through initial screening as mandated by 28 U.S.C. § 1915A. At this early stage in the litigation, the Court cannot assess the likelihood of success on the merits.

Plaintiff has additionally failed to establish immediate and irreparable injury if Defendants do not provide him with the smoking cessation medication or patches free of charge. Plaintiff advises that he has smoked for 53+ years, has access to nicotine patches in the prison commissary, has been told that smoking will kill him but chooses to continue smoking, and does not want to be transferred to a non-smoking facility. Moreover, while Plaintiff alleges that immediately after his heart attack in March 2007 Dr. Gwinn advised him that he had to stop smoking or it would kill him, this statement is broad and conclusory, and, in a December 2007 letter, Dr. Gwinn wrote a less dramatic recommendation stating that "smoking has been recommended in order to reduce his risk of cardiovascular events in the future." Further, these statements are not much different from, as reported by Plaintiff in his complaint, Dr. Hiland's repeated suggestions throughout the years that Plaintiff quit smoking.

The question of whether Defendants' refusal to provide Plaintiff with smoking cessation medication/patches free of charge constitutes deliberate indifference to his health can and will be addressed along with his other claims of deliberate indifference in the course of litigation. Plaintiff, however, has not met the standard for entitlement to immediate relief.

## III.

For the foregoing reasons, **IT IS ORDERED** that the motion for preliminary injunction (DN 7) is **DENIED**.

Date:

cc:      Plaintiff, *pro se*
            Counsel of Record
4413.005