UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

HERBERT R. SMITH                                                                           PLAINTIFF

v.                                                                  CIVIL ACTION NO. 5:07CV-P180-R

JOHN D. REES *et al.*                                                                     DEFENDANTS

## MEMORANDUM AND ORDER

This matter is before the Court on several motions filed by the parties (DNs 20, 22, 24 & 25).  The motions will be addressed below.

### *Motion to strike complaint (DN 22)*

Defendants, by counsel, have filed a motion to strike the complaint as violative of Fed. R. Civ. P. 8(a), due to its length; because the "memorandum in support is nebulous as it sets forth rambling diatribe of a confusing and verbose nature"; and because it is burdensome both to Defendants and the Court as it is "harassing, onerous, confused, [and] redundant" (DN 22). Should the Court deny the request, Defendants seek an extension of time in which to file the answer or other responsive pleading.  In response, Plaintiff argues that the Court, in considering his prior motions, "understood perfectly well the substance of those said pleadings"; that Defendants have not yet disputed his claims/arguments in the complaint; and that the case is complex (DN 23).  Plaintiff, alternatively, requests that should the Court strike his complaint he be appointed counsel (DN 24).

"According to the case law of this circuit, the 'action of striking a pleading should be used sparingly by the courts.'"  *Anderson v. United States*, 39 F. App'x 132, 135 (6th Cir. 2002) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.

1953)). "It should be 'resorted to only when required for the purposes of justice' and when 'the pleading to be stricken has no possible relation to the controversy.'" *Id.*

Plaintiff's complaint and attached memorandum are over 80 pages in length. While verbose and somewhat repetitive, Plaintiff has organized the complaint into sections and numbered each paragraph.[1] The Court does not believe that Plaintiff's 73-paragraph complaint creates an undue burden upon Defendants. Moreover, the Court has yet to conduct its required preliminary screening of the complaint pursuant to 28 U.S.C. § 1915A. Thus, Defendants do not yet know which, if any, claims survive initial review and to which claims they must respond.

**IT IS THEREFORE ORDERED** that Defendants' motion to strike (DN 22) is **DENIED**. Furthermore, as no answer is due until and unless the Court so orders following initial screening of the complaint, **IT IS ORDERED** that Defendants' motion for an extension of time in which to file an answer or other responsive pleading (DN 22) is **DENIED as moot**.

*Motions to amend (DNs 20 & 25)*

Under Rule 15(a), a party may amend its pleading once as a matter of course any time before the responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only with leave of court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A court need not grant leave to amend, however, where amendment would be 'futile.'" *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.*

---

[1] In much of the complaint, Plaintiff details the steps that he took in exhausting each grievance through the administrative process, and he attaches numerous grievances to his complaint. At the time he filed the complaint, Plaintiff may not have been aware of *Jones v. Bock*, 549 U.S. 199 (2007), wherein the Supreme Court repudiated the Sixth Circuit's requirement that prisoners plead exhaustion in their complaints.

(citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

In the first motion to amend, Plaintiff seeks to add the Kentucky Department of Corrections ("KDOC") as a defendant (DN 20). The § 1983 federal claims against the KDOC, however, must be dismissed on two bases. First, a state and its agencies (such as the KDOC)[2] are not "persons" subject to suit under 42 U.S.C. § 1983, the statute under which Plaintiff brings this action. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment[3] acts as a bar to all claims for relief against the KDOC. A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978).[4] In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332

---

[2]The Kentucky Department of Corrections is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* KY. REV. STAT. ANN. § 12.250 (Exec. Order Note: 2007 c 85, § 336 (eff. June 26, 2007), confirmed Exec. Order 2006-805 (eff. June 16, 2006)).

[3]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

[4]*See also Thompson v. Mich. Dep't of Corr.*, 25 F. App'x 357, 358 (6th Cir. 2002) ("The district court properly found no claim stated against several of the defendants, including: the Michigan Department of Corrections, which is entitled to Eleventh Amendment immunity."); *Reid v. State of Tennessee*, No. 94-6199, 1995 WL 619964, at *1 (6th Cir. Oct. 20, 1995) ("Eleventh Amendment immunity extends to the Tennessee Department of Corrections, as a judgment against it would restrain the state from acting or compel it to act.").

(l979)). Moreover, as to the state-law claims, "[t]he doctrine of sovereign immunity sweeps broadly. It shields . . . all 'departments, boards or agencies that are such integral parts of state government as to come within regular patterns of administrative organization and structure.'" *Dep't of Corr. v. Furr*, 23 S.W. 3d 615, 617 (Ky. 2000) (quoting *Withers v. Univ. of Ky.*, 939 S.W. 2d 340, 344 (Ky. 1997)).

For these reasons, **IT IS ORDERED** that a motion to amend the complaint to add the KDOC as a defendant would be futile and is, therefore, **DENIED**.

In the second motion to amend, Plaintiff asserts new claims of allegedly inadequate medical treatment by Defendant Dr. Hiland. Upon consideration, **IT IS ORDERED** that the second motion to amend (DN 25) is **GRANTED**. The Court will screen the new claims along with the complaint.

### *Motion for appointment of counsel (DN 24)*

As to Plaintiff's request for counsel, in a civil case such as this § 1983 action, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Title 28 of the United States Code, Section 1915(e)(1)[5] indicates that court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See, e.g., Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining

---

[5]Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (emphasis added).

4

whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

Although claimed otherwise by Plaintiff, the Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel at this early stage in the litigation. Further, based on a review of the many documents filed by Plaintiff thus far, it appears that he is articulate and able to represent himself sufficiently. The Court, therefore, finds that Plaintiff has not set forth any "exceptional circumstances" warranting appointment of counsel at this time. Accordingly, **IT IS ORDERED** that the motion for appointment of counsel (DN 24) is **DENIED**.

### *Motion for protective order (DN 22)*

Defendants seek a protective order compelling all of Plaintiff's future pleadings to be screened or filed with leave of Court (DN 22). As noted above, the complaint and its amendment have not undergone initial screening under 28 U.S.C. § 1915A. Should the action proceed beyond initial screening against any or all of Defendants, then those Defendants against whom the action proceeds will need to file an answer or other responsive pleading. Until then, unless otherwise ordered by the Court, none of Defendants are required to respond to any of Plaintiff's filings. Consequently, **IT IS ORDERED** that Defendants' motion for protective order (DN 22) is **DENIED**.

*Defendants Williams, Reffet, Hyatt, and Balcen*

Finally, the Court notes that, in his pending motions, Plaintiff highlights the fact that, in the filings, counsel for Defendants does not mention Defendants Williams, Reffet, Hyatt, or Balcen. The Court advises Plaintiff that counsel for the other Defendants apparently does not represent, for whatever reason, Defendants Williams, Reffet, Hyatt, or Balcen, and, consequently, is not required to represent or address their interests.

Date:

cc: Plaintiff, *pro se*
 Counsel of Record
4413.005