UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**HERBERT R. SMITH**                                                                                          **PLAINTIFF**

v.                                                                              **CIVIL ACTION NO. 5:07CV-P180-R**

**JOHN D. REES** *et al.*                                                                          **DEFENDANTS**

**MEMORANDUM AND ORDER**

      This matter is before the Court on two motions filed by Plaintiff -- his motion to reconsider this Court's denial of his motion for preliminary injunctive relief (DN 33) and his motion for emergency relief (DN 42). Each is addressed below.

**I. Motion for reconsideration**

      Plaintiff previously filed a motion for preliminary injunction asking the Court to direct Defendants to provide him with smoking cessation treatment, without cost, and to prohibit Defendants from transferring him to a non-smoking facility because his classification status would require him to be confined in punitive segregation (DN 7). Upon consideration, the Court denied the motion, concluding that Plaintiff failed to establish immediate and irreparable injury (DN 27).

      Currently before the Court is Plaintiff's motion to reconsider the Court's Order denying preliminary injunctive relief and his request for the Court to impose sanctions on Defendants (DN 33). Plaintiff seeks reconsideration on the basis of newly discovered evidence. The new evidence upon which Plaintiff relies is two attached pamphlets from the American Cancer Society. One is entitled "Questions About Smoking, Tobacco, and Health . . .," and the other is entitled "Want 3 Good Reasons to Quit Smoking?" Plaintiff claims that due to his confinement and financial status he was only recently able to obtain the pamphlets, and he argues that the information in these pamphlets contradicts the reasons this Court previously denied preliminary injunctive relief. He asks the Court to impose "severe sanctions on Defendants John D. Rees and Thomas L. Simpson

who's actions and inactions resulted in the promulgation and enforcement of policies in violation of the Kentucky Constitution that deprived Plaintiff of 'smoking treatment <u>free of charge</u> . . ." and for their failure to "scrutinize" the actions of medical personnel in denying him smoking-cessation treatment.

In response, Defendants argue that the motion is untimely and that Plaintiff has not stated any legitimate grounds for reconsideration as he has failed to establish that the pamphlets are "new evidence" that he could not have obtained earlier; that the evidence is not relevant to any issue material to the Court's prior determination; and that nothing in the pamphlets contradicts Dr. Haas' statement that smoking, in and of itself, is not a disease.

The Court finds that none of the information in the pamphlets warrants reconsideration of the its prior Order denying preliminary injunctive relief, wherein the Court found that Plaintiff had smoked for 53+ years, had access to nicotine patches in the prison commissary, had been told that smoking will kill him but chose to continue smoking, and did not want to be transferred to a non-smoking facility. Moreover, Plaintiff has recently advised this Court that he has been released from incarceration (DN 45). An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for reconsideration of the Court's denial of his motion for preliminary injunction (DN 33) is **DENIED**. Finding no basis upon which to impose sanctions, **IT IS FURTHER ORDERED** that the motion for sanctions (DN 33) is **DENIED**.

## II.  Motion for emergency relief

In Plaintiff's motion requesting emergency relief, he asks the Court to direct the Grayson County Detention Center ("GCDC") Jailer to provide him with access to postage, envelopes, copies, paper, carbon paper, pens, and anything else Plaintiff needs to conduct legal matters and to provide Plaintiff with hygiene items and underclothes (DN 42).  As advised above, however, Plaintiff has notified the Court of his release from incarceration (DN 45).  Because Plaintiff is no longer incarcerated at the GCDC,

**IT IS ORDERED** that the motion for emergency relief (DN 42) is **DENIED as moot**.

Date:


cc: Plaintiff, *pro se*
    Counsel of Record
4413.005

3