UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07-CV-180

HERBERT R. SMITH                                              PLAINTIFF

v.

JOHN D. REES, ET AL.                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion for Summary Judgment (Docket #58), Motion for Default Judgment and Request for Judgment on Pleadings (Docket #64), Motion Requesting Leave to Amend Complaint so as to Dismiss a Defendant (Docket #65), and Motion Requesting that Motion for Default Judgment be Granted as a Matter of Law (Docket #66). Defendants requested and were granted a sixty day extension of time to file their response to Plaintiff's motion for summary judgment (Docket #60, 61). Defendants responded on November 22, 2010 (Docket #67). Plaintiff filed his reply on January 3, 2011 (Docket #70). This matter is now ripe for adjudication.

## BACKGROUND

At the time Plaintiff filed his Complaint, he was a convicted inmate incarcerated in the Kentucky State Penitentiary ("KSP"). He has since been released. On July 16, 2010, the Court conducted a preliminary review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). The Court permitted Plaintiff to proceed on his 42 U.S.C. § 1983 individual capacity claims for damages against Defendants Dr. Steve Hiland, Terri Jones, Bruce Bauer, and Jim Balcen[1] under the Eighth

---

[1]Terri Jones, Bruce Bauer, and Jim Balcen are registered nurses at KSP.

Amendment to the U.S. Constitution and the claims against those same Defendants under Section 17 of the Kentucky Constitution and for medical malpractice and intentional infliction of emotional distress ("IIED"). All other claims were dismissed.

Plaintiff's Eighth Amendment claims against Dr. Hiland revolve around a heart attack Plaintiff suffered in March of 2007. Plaintiff reports that Dr. Hiland was his primary care physician at KSP. He claims that during the time leading up to his heart attack Dr. Hiland conducted inadequate physicals and failed to treat his high cholesterol with medications and a low-cholesterol diet. He further claims that following his release from the hospital, Dr. Hiland failed to follow the discharge physician's aftercare orders, such as continuing to provide smoking cessation medication; failed to provide necessary testing to determine whether Plaintiff was suffering from adverse reactions from his medications; and failed to provide proper follow-up care, such as "closer in time examination and tests, prescribing medications, and changing Plaintiff's food diet, in addition to the FBS and 2hr PP glucose (finger stick) every three months." Complaint, DN 1. Plaintiff additionally alleges that Dr. Hiland failed to adequately treat his low blood pressure in July of 2008; failed to monitor Plaintiff while he was taking Atenolol; and failed to prescribe aspirin along with Plaintiff's Plavix resulting in another heart attack in August of 2009.

Plaintiff's Eighth Amendment claims against Defendants Jones, Bauer, and Balcen allege that these nurses refused to take appropriate and immediate action after Plaintiff informed them of heart attack symptoms and that Defendants Jones and Bauer forced Plaintiff to walk a substantial distance while experiencing these symptoms rather than transporting him by motor vehicle.

For these same instances of conduct, the Court allowed Plaintiff's claim under section 17[2] of the Kentucky Constitution to proceed, as well as Plaintiff's common law tort claims of medical malpractice and IIED, against Defendants Dr. Hiland, Jones, Bauer, and Balcen.

Plaintiff has now filed several motions seeking summary judgment or default judgment for procedural violations. Plaintiff has also filed a motion to amend the Complaint in order to dismiss Defendant Balcen. As a preliminary matter, the Court GRANTS Plaintiff's motion to dismiss Defendant Jim Balcen. The Court now considers the remaining motions.

**STANDARD**

Plaintiff seeks relief under two standards: default judgment and summary judgment. Under Rule 55(a) of the Federal Rules of Civil Procedure, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "'Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default.'" *Harrison v. Burt*, No. 2:07-CV-11412, 2008 WL 3984044, at *1 (E.D. Mich. Aug. 28, 2008) (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 n. 2 (D. Kan. 2008)). According to Federal Rule of Civil Procedure 12, a defendant must serve an answer "within 21 days after being served with the summons and complaint . . . ." Fed. R. Civ. P. 12(a)(1)(A)(i).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

---

[2]Pursuant to section 17, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishment inflicted." KY. CONST. § 17.

R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

### I. Plaintiff's Procedural Arguments

Two of Plaintiff's motions seek default judgment on the basis of Defendants' failure to comply with deadlines set forth by the Court. These motions (DN 64, 66) ask the Court to grant default judgment in favor of Plaintiff because Defendants failed to file an answer within the time limits set forth by the Court. Plaintiff's Complaint was filed on October 26, 2007, and Plaintiff filed a motion for leave to proceed in forma pauperis on that same date. The Court granted Plaintiff's motion on November 14, 2007. Plaintiff filed a motion to amend his complaint on

July 14, 2008, which was granted on March 18, 2009. Plaintiff filed motions to supplement his Complaint on July 9, 2009, and September 8, 2009. The Court granted these motions on February 25, 2010.

On April 15, 2008, Defendants Dr. Hiland, Jones, and Bauer filed a waiver of service. Their answers became due on June 16, 2008. On March 18, 2009, the Court issued an Order which stated "no answer is due until and unless the Court so orders following initial screening of the complaint . . . ." Mem. and Order, DN 30, p. 2. Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court was required to conduct an initial review of the Complaint and its supplements, and did so on July 16, 2010. In the Order accompanying the Court's initial review, the Court granted counsel for the Justice & Public Safety Cabinet 30 days to complete and return a notice of waiver of service for Defendant Jim Balcen, or alternatively, to provide the last known address of Balcen. The answer to the complaint was thereafter to be filed no later than sixty days after waiver of service, or twenty-one days if service is required.

On August 5, 2010, the Justice and Public Safety Cabinet responded to the Court's order by stating that there is no indication a nurse named Jim Balcen ever worked for the Department of Corrections. Therefore, they could not waive service nor provide a last known address. At this time, according to the Court's order, Defendants then had sixty days to file an Answer. Defendants filed their Answer on September 27, 2010, within the sixty-day time period. Accordingly, Plaintiff's motions for default judgment (DN 64, 66) must be DENIED.

**II.     Summary Judgment**

The Court now turns to Plaintiff's substantive argument that summary judgment should

be granted in his favor as to all claims. Plaintiff's claims revolve around two heart attacks suffered by Plaintiff approximately two years and four months apart. The first occurred on March 20, 2007, while Plaintiff was incarcerated at KSP. The second heart attack occurred on August 24, 2009, after Plaintiff was no longer incarcerated.[3] Plaintiff alleges that Defendants' actions prior to and following his March 20, 2007, heart attack caused him to suffer additional medical problems (including the second heart attack) and severe emotional distress.

  *A.*  *Plaintiff's Eighth Amendment Claims Against Defendant Dr. Hiland*

First, Plaintiff alleges that Dr. Hiland may be held liable under 42 U.S.C. § 1983 for deliberate indifference to a serious medical need in violation of the Eighth Amendment of the United States Constitution. "Under 42 U.S.C. § 1983, a plaintiff must allege that he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." *Wolotsky v. Huhn*, 960 F.2d 1331, 1334 (6th Cir. 1992). There is no dispute that all Defendants were acting under color of state law. Plaintiff must establish that Dr. Hiland deprived Plaintiff of his Eighth Amendment rights.

To establish a claim under the Eighth Amendment, the plaintiff must demonstrate "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference is judged objectively and subjectively. *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001). Under the objective prong, an inmate must demonstrate a "sufficiently serious medical need." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (internal citations omitted). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognized the

---

[3]Plaintiff's incarceration ended on July 2, 2009.

necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004)). To demonstrate the subjective prong, the inmate must demonstrate that the official knew and disregarded an excessive risk to the inmate's health and safety. *Mingus*, 591 F.3d at 480. An accident, "inadvertent failure to provide adequate medical care," or an act of negligence does not rise to the level of an Eighth Amendment violation. *Estelle*, 429 U.S. at 105.

Assuming for purposes of this motion only that Plaintiff has satisfied the objective component by demonstrating a sufficiently serious medical need, there still remains a genuine issue of material fact as to whether Dr. Hiland acted with deliberate indifference. First, Plaintiff alleges that Dr. Hiland gave Plaintiff inadequate physicals and failed to properly treat his cholesterol prior to his first heart attack. Defendants' records, however, demonstrate that Plaintiff refused scheduled physicals and lab tests on several occasions. Plaintiff also argues that Dr. Hiland ignored his heart attack symptoms prior to the heart attack suffered on March 20, 2007. Defendants have presented evidence that Plaintiff had a physical on March 8, 2007, and all findings were normal. Dr. Hiland also directed Plaintiff to quit smoking, improve his diet, and increase exercise. Plaintiff had blood work done on March 5, 2007, which Defendants argue demonstrates that Plaintiff's cholesterol levels were normal and his risk for heart trouble was below average. This matter is before the Court on Plaintiff's motion for summary judgment. Clearly there are factual disputes and for that reason alone, Plaintiff is not entitled to summary judgment.

In addition, Plaintiff argues that Dr. Hiland's actions were deliberately indifferent because, following Plaintiff's first heart attack, Dr. Hiland failed to follow the instructions of

7

Plaintiff's treating doctor.  In particular, Dr. Hiland prescribed Atenolol instead of Metoprolol and failed to prescribe aspirin.  Defendants assert that Plaintiff received care in conformity with standard medical and correctional protocol.  There is evidence that aspirin was available through the commissary for Plaintiff's purchase.  Further, Plaintiff acknowledges that Atenolol and Metoprolol are both used to treat chest pain and high blood pressure.  The Court cannot say that this Dr. Hiland's actions amounted to deliberate indifference so that summary judgment would be appropriate at this time.

      B.      *Plaintiff's Eighth Amendment Claims Against Defendants Jones and Bauer*

Plaintiff alleges that Jones and Bauer were deliberately indifferent to his medical needs on two occasions.  First, Plaintiff asserts that Jones and Bauer failed to respond to his reports of heart attack symptoms.  Second, Plaintiff alleges that Jones and Bauer made him walk a substantial distance while experiencing heart attack symptoms, rather than transporting him by motor vehicle in accordance with KSP policy.

As noted in the previous section, Plaintiff must establish a sufficiently serious medical need and deliberate indifference.  The Sixth Circuit has held that a plaintiff demonstrating classic symptoms of a heart attack has presented a "sufficiently serious medical need." *See Estate of Carter v. City of Detroit*, 408 F.3d 305, 311-12 (6th Cir. 2005).  Plaintiff has failed to establish, however, that there is no genuine issue of material fact that Defendants were deliberately indifferent to his needs.  Although Defendants did not call a vehicle to transport Plaintiff from the kitchen to the infirmary, the evidence demonstrates that Defendants took Plaintiff to the infirmary and he received treatment shortly after complaining of chest pain.  Defendants then contacted EMS services to transport Plaintiff to the hospital.  The Court cannot say that this

8

demonstrates deliberate indifference.

Further, Plaintiff complains of other instances where he suffered symptoms of a heart attack and received no treatment. The evidence demonstrates that Plaintiff refused treatment by Dr. Hiland and his staff (including Jones and Bauer) for a number of years, and when he raised his concerns with medical staff, he was told to come back for an EKG. (Plaintiff did not return for an EKG on that particular occasion.) Plaintiff complains several times in his grievances that he should have been given an EKG immediately when he complained of his heart attack symptoms, but that he also refused to pay the $2.00 fee for such tests. Finally, Plaintiff was diagnosed as having gas on at least two occasions when he complained of his symptoms. While such a misdiagnosis may amount to negligence or inadvertent failure to treat, the Court cannot conclude at this time that such actions demonstrate deliberate indifference on the part of Defendants Bauer and Jones, especially in light of Plaintiff's failure to return for an EKG and refusal to partake in his yearly physicals. Accordingly, summary judgment is denied at this time.

C.   *Plaintiff's Kentucky Constitution Section 17 Claim Against All Defendants*

Next, Plaintiff alleges that Defendants' conduct violates section 17 of the Kentucky Constitution, which states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishment inflicted." KY. CONST. § 17. In terms of cruel and unusual punishment, section 17 is analogous to the Eighth Amendment of the Federal Constitution. *See, e.g.*, *Baze v. Rees*, 217 S.W.3d 207, 212 (Ky. 2006). Therefore, the same analysis applies, and the Court cannot grant summary judgment in favor of Plaintiff.

D.   *Plaintiff's Medical Malpractice Claim Against All Defendants*

Plaintiff alleges that Defendants' conduct also constitutes medical malpractice. Medical

malpractice is a form of negligence. A negligence action requires: "(1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury." *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992). "In medical malpractice cases the plaintiff must prove that the treatment given was below the degree of care and skill expected of a reasonably competent practitioner and that the negligence proximately caused injury or death." *Reams v. Stutler*, 642 S.W.2d 586, 588 (Ky. 1982) (citing *Blair v. Eblen*, 461 S.W.2d 370 (Ky. 1970)).

The burden of proof is upon the plaintiff to establish the applicable standard of care and the breach thereof. *Green v. Owensboro Med. Health Sys., Inc.*, 231 S.W.3d 781, 783 (Ky. Ct. App. 2007). Expert testimony is typically required. *Id.* "Medical malpractice cases can therefore be divided into two categories: cases where the parties do not dispute the need for expert testimony, which encompass the vast majority of medical malpractice claims, and cases where the plaintiff disputes the need for expert testimony because he contends one of the narrow exceptions applies." *Blankenship v. Collier*, 302 S.W.3d 665, 671 (Ky. 2010). These narrow exceptions include (1) *res ipsa loquitur* cases in which the jury may infer negligence and causation merely by the occurrence of a particular incident and the defendant's relation to such incident, and (2) "cases where the defendant physician makes certain admissions that make his negligence apparent." *Id.* (citing *Perkins v. Hausladen*, 828 S.W.2d 652, 655-56 (Ky. 1992)).

In this case, neither exception applies and Plaintiff has yet to put forth any expert testimony. Without such testimony, Plaintiff cannot meet his burden of proof. *See Solinger v. Pearson*, Nos. 2007-SC-000389-DG, 2008-SC-000134-DG, 2008-SC-000133-DG, 2007-SC-000414-DG, 2010 WL 1006072, at *7 (Ky. Mar. 18, 2010) (discussing *Blankenship*, 302 S.W.3d at 674). Accordingly, summary judgment is inappropriate at this time.

10

E.  *Plaintiff's IIED Claim Against All Defendants*

Finally, Plaintiff alleges that all Defendants are liable for the tort of intentional infliction of emotional distress, or outrage.  A prima facie case of IIED requires that Plaintiff show: (1) that the wrongdoer's conduct was intentional or reckless; (2) that the conduct was outrageous and intolerable and offends against the generally accepted standards of decency and morality; (3) a causal connection between the wrongdoer's conduct and the emotional distress; and (4) that the emotional distress was severe.  *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004) (citing *Humana of Ky., Inc. v. Seitz,* 796 S.W.2d 1, 2-3 (Ky. 1990)).  The Court must determine "whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Id.* at 788-89 (citing Restatement (Second) of Torts § 46(1) cmt. h (1965)).

Kentucky courts have "set a high threshold for outrage claims," *Stringer*, 151 S.W.3d at 791, and in Kentucky, "a claim for the tort of outrage requires the plaintiff to prove conduct which is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"  *Seitz*, 796 S.W.2d at 3 (quoting Restatement (Second) of Torts § 46(1) cmt. d (1965)).  The Kentucky Supreme Court reasoned in *Kroger Co. v. Willgruber* that "citizens in our society are expected to withstand petty insults, unkind words and minor indignities.  Such irritations are a part of normal, every day life and constitute no legal cause of action.  It is only outrageous and intolerable conduct which is covered by this tort." 920 S.W.2d 61, 65 (Ky. 1996).

For example, Kentucky courts have found nothing to support a claim of outrage where

the defendant:

> (1) refused to pay medical expenses arising out of an injured worker's compensation claim; (2) wrongfully converted the plaintiff's property in a manner that breached the peace; (3) negligently allowed his vehicle to leave the road and struck and killed a child; (4) committed "reprehensible" fraud during divorce proceedings by converting funds belonging to his spouse for the benefit of defendant and his adulterous partner; (5) wrongfully terminated the plaintiff; (6) displayed a lack of compassion, patience, and taste by ordering plaintiff, who was hysterical over the fact that she had just delivered a stillborn child in her hospital room, to "shut up" and then informing her that the stillborn child would be "disposed of in the hospital"; (7) erected a billboard referencing defendant's status as a convicted child molester; (8) wrongfully garnished plaintiff's wages pursuant to a forged agreement; and (9) impregnated plaintiff's wife.

*Stringer*, 151 S.W.3d at 790-91 (internal citations omitted).

"It is for the court to decide whether the conduct complained of can reasonably be regarded to be so extreme and outrageous as to permit recovery." *Goebel v. Arnett*, 259 S.W.3d 489, 493 (Ky. Ct. App. 2007) (citing *Whittington v. Whittington*, 766 S.W.2d 73 (Ky. Ct. App. 1989)). The Court looks to "'the conduct of the offender rather than the subject of the conduct . . . .'" *Stringer*, 151 S.W.3d at 788 (quoting *Burgess v. Taylor*, 44 S.W.3d 806, 809 (Ky. Ct. App. 2001)). The Court cannot find at this time that Plaintiff has established that Defendants' conduct was so outrageous as to support a claim of IIIED, especially in light of the high standard set by *Stringer*. Further, Plaintiff has provided little evidence of his severe emotional distress. Rather, much of Plaintiff's motion focuses on his physical health. Accordingly, summary judgment for Plaintiff as to this claim is also inappropriate at this time.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

(1) Plaintiff's Motion for Summary Judgment (DN 58) is DENIED;

(2) Plaintiff's Motion for Default Judgment and Request for Judgment on Pleadings

(DN 64) is DENIED;

(3) Plaintiff's Motion Requesting Leave to Amend Complaint so as to Dismiss a Defendant (DN 65) is GRANTED, and Defendant Jim Balcen is hereby dismissed as a defendant in this action; and

(4) Plaintiff's Motion Requesting that Motion for Default Judgment be Granted as a Matter of Law (DN 66) is DENIED.