UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07-CV-180

**HERBERT R. SMITH**                                                                                       **PLAINTIFF**

**v.**

**JOHN D. REES, ET AL.**                                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion for Extension of Time to File a Motion for Reconsideration of Denial of Motion for Summary Judgment (Docket #72) and Motion for Reconsideration of Denial of Plaintiff's Motion for Summary Judgment (Docket #73). Defendants have not responded. This matter is now ripe for adjudication. For the following reasons, Plaintiffs' motions are DENIED.

## BACKGROUND

At the time Plaintiff filed his Complaint, he was a convicted inmate incarcerated in the Kentucky State Penitentiary ("KSP"). He has since been released. On July 16, 2010, the Court conducted a preliminary review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). The Court permitted Plaintiff to proceed on his 42 U.S.C. § 1983 individual capacity claims for damages against Defendants Dr. Steve Hiland, Terri Jones, Bruce Bauer, and Jim Balcen[1] under the Eighth Amendment to the U.S. Constitution and the claims against those same Defendants under Section 17 of the Kentucky Constitution and for medical malpractice and intentional infliction of emotional distress ("IIED"). All other claims were dismissed.

---

[1]Terri Jones, Bruce Bauer, and Jim Balcen are registered nurses at KSP.

Plaintiff's Eighth Amendment claims against Dr. Hiland revolve around a heart attack Plaintiff suffered in March of 2007. Plaintiff reports that Dr. Hiland was his primary care physician at KSP. He claims that during the time leading up to his heart attack Dr. Hiland conducted inadequate physicals and failed to treat his high cholesterol with medications and a low-cholesterol diet. He further claims that following his release from the hospital, Dr. Hiland failed to follow the discharge physician's aftercare orders, such as continuing to provide smoking cessation medication; failed to provide necessary testing to determine whether Plaintiff was suffering from adverse reactions from his medications; and failed to provide proper follow-up care, such as "closer in time examination and tests, prescribing medications, and changing Plaintiff's food diet, in addition to the FBS and 2hr PP glucose (finger stick) every three months." Complaint, DN 1. Plaintiff additionally alleges that Dr. Hiland failed to adequately treat his low blood pressure in July of 2008, failed to monitor Plaintiff while he was taking Atenolol, and failed to prescribe aspirin along with Plaintiff's Plavix resulting in another heart attack in August of 2009.

Plaintiff's Eighth Amendment claims against Defendants Jones, Bauer, and Balcen allege that these nurses refused to take appropriate and immediate action after Plaintiff informed them of heart attack symptoms and that Defendants Jones and Bauer forced Plaintiff to walk a substantial distance while experiencing these symptoms rather than transporting him by motor vehicle.

For these same instances of conduct, the Court allowed Plaintiff's claim under section 17[2]

---

[2] Pursuant to section 17, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishment inflicted." KY. CONST. § 17.

of the Kentucky Constitution to proceed, as well as Plaintiff's common law tort claims of medical malpractice and IIED, against Defendants Dr. Hiland, Jones, Bauer, and Balcen.

On August 26, 2010, Plaintiff filed a motion for summary judgment. Plaintiff also voluntarily dismissed Defendant Balcen. On January 18, 2011, the Court granted Plaintiff's motion to dismiss Defendant Balcen and denied the motion for summary judgment. Plaintiff has now asked the Court to reconsider its denial of his motion for summary judgment.

## STANDARD

Motions to reconsider under Rule 60(b) provide an "opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan. 1996). Rule 60(b) motions fall within the sound discretion of the district court. *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

## DISCUSSION

Plaintiff's initial motion sought summary judgment on all of his claims, including Eighth Amendment claims against Dr. Hiland, Eighth Amendment claims against Jones and Bauer, a Kentucky Constitution Section 17 claim against all Defendants, a medical malpractice claim against all Defendants, and an intentional infliction of emotional distress claim against all Defendants.

The Court did not grant summary judgment in Plaintiff's favor as to his Eighth

Amendment claims against Dr. Hiland because there are factual disputes about Plaintiff's treatment and the Court could not say that Dr. Hiland's actions amounted to deliberate indifference. Mem. Op. & Order, DN 71, p. 7-8. Similarly, the Court denied summary judgment on Plaintiff's Eighth Amendment claims against Jones and Bauer because the Court could not conclude, based on the evidence before it, that Plaintiff had established deliberate indifference on the part of these Defendants. *Id.* at 8-9. The same analysis applied to Plaintiff's Section 17 claim. *Id.* at 9.

The Court did not grant summary judgment as to Plaintiff's medical malpractice claim because Plaintiff failed to put forth expert testimony which is necessary to establish the applicable standard of care. *Id.* at 10. Finally, summary judgment was denied as to the intentional infliction of emotional distress claim because the Court "cannot find at this time that Plaintiff has established that Defendants' conduct was so outrageous as to support a claim of IIED, especially in light of the high standard set by [Kentucky case law]." *Id.* at 12. The Court also noted that Plaintiff's summary judgment motion placed emphasis on his physical health rather than any emotional distress. *Id.*

Plaintiff's motion for reconsideration does not present any newly discovered evidence or changes in law. Nor has Plaintiff presented an expert to discuss the applicable standard of care for his medical malpractice claim or introduced further evidence of his emotional distress. Instead, Plaintiff's motion is a second attempt to argue the merits of his case. The Court has reviewed these renewed arguments and finds that they do not merit reconsideration of the summary judgment motion. Accordingly, Plaintiff's motion for reconsideration should be denied.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration of Denial of Plaintiff's Motion for Summary Judgment (DN 73) is DENIED and Plaintiff's Motion for Extension of Time to File a Motion for Reconsideration of Denial of Motion for Summary Judgment (DN 72) is DENIED as moot.